| | |
|---|---|
| 1 | Elliot J. Siegel (Bar No. 286798) |
|  | elliot@kingsiegel.com |
| 2 | **KING & SIEGEL LLP** |
|  | 724 S. Spring Street, Suite 201 |
| 3 | Los Angeles, California 90014 |
| 4 | Robert J. King (Bar No. 302545) |
|  | robert@kingsiegel.com |
| 5 | **KING & SIEGEL LLP** |
|  | 601 University Ave., Suite 275 |
| 6 | Sacramento, California 98525 |
| 7 | tel:  (909) 287-4641 |
|  | fax:  (213) 465-4803 |
| 8 | |
|  | Attorneys for Plaintiff |
| 9 | Jeffrey Faatz |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jeffrey Faatz**, an individual; | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1) **Failure to Pay Minimum Wages for All Hours Worked;** |
| **Terumo Neuro.**, a California corporation; **MicroVention, Inc.**, a Delaware corporation; and **Does 1-10**, inclusive; | 2) **Failure to Pay Overtime Wages** |
|  | 3) **Failure to Provide Meal Periods;** |
|  | 4) **Failure to Provide Rest Periods ;** |
| Defendants. | 5) **Failure to Provide and Maintain Accurate Records;** |
|  | 6) **Failure to Timely Pay Wages Due;** |
|  | 7) **Failure to Reimburse Necessary Business Expenses;** |
|  | 8) **Unfair Business Practices; and** |
|  | 9) **Retaliation in Violation of False Claims Act** |
|  | 10) **Retaliation in Violation of Labor Code Section 1102.5** |
|  | **Demand for Jury Trial** |

COMPLAINT

Plaintiff Jeffrey Faatz, hereby brings this action, on behalf of himself, and alleges as follows, by and through his counsel of record:

# PARTIES

1. Plaintiff **Jeffrey Faatz** ("Mr. Faatz") is a resident in Texas, the County of Montgomery. Mr. Faatz has worked for Terumo Neuro (formerly Microvention) for approximately 10 years. Mr. Faatz was the company's "Director of Clinical Research" and in that role was responsible for project management and quality assurance of clinical studies conducted by the Company.

2. Defendant **Terumo Neuro** ("Terumo Neuro") is a California corporation with its last known principal office located at 35 Enterprise, Aliso Viejo, CA 92656. In or around 2006, Terumo Neuro acquired MicoVention, Inc as a wholly owned subsidiary. In September 2024, **MicroVention, Inc.** was officially rebranded to Terumo Neuro.

3. Mr. Faatz is not currently aware of the names and true identities of Does 1-10 (hereinafter "Defendants," collectively with Terumo Neuro and MicroVention). Accordingly, Plaintiff brings this lawsuit against them by fictitious names pursuant to California Code of Civil Procedure section 474. Mr. Faatz reserves the right to amend this complaint to show their true names and capacities once that information is ascertained. Each Doe defendant is responsible for the damages alleged pursuant to each of the causes of action asserted, either through its own conduct, or vicariously through the conduct of others. All further references in this complaint to the named Defendants also includes the fictitiously named defendants.

4. At all times alleged herein, except as otherwise noted, Defendants participated in the acts alleged herein and/or were the agents, servants, employees, or representatives of the other Defendants. At all times relevant to this complaint, Defendants acted within the course, scope, and authority of their agency and employment such that the acts of one Defendant are legally attributable to the other Defendants. Defendants, in all respects, acted as employers and/or joint employers of Plaintiff in that each of them exercised control over the wages, hours, and/or working conditions of Plaintiff. Moreover, the conduct of every

individual Defendant was ratified by each other Defendant.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over all causes of action in this complaint pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the matter in controversy exceeds $75,000. This Court further has jurisdiction over Plaintiff's Claim for Retaliation in Violation of the False Claims Act pursuant to 28 U.S.C. § 1331, and can exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because Defendants conduct business in Orange County and State of California through their acts, and by their violation the California Labor Code, California common law, and Federal law, and this action arises out of those acts. Venue is proper in Central District of California because Defendants do business in the District and because a substantial part of the events giving rise to Plaintiff's claims occurred in the District.

## FACTUAL ALLEGATIONS

7. Mr. Faatz has been a loyal employee of Terumo Neuro (formerly Microvention) for nearly 10 years. He was originally hired as the company's "Director of Clinical Research" and was responsible for project management and quality assurance of clinical studies conducted by the Company.

8. In this role, Mr. Faatz' duties on his assigned clinical trials included setting trial objectives and led protocol design and revision; managing study timelines and patient enrollment goals; negotiating with vendors regarding scope of work; overseeing third party vendor work; preparing draft regulatory reports; overseeing clinical and regulatory compliance; achieving internal KPIs; drafting and enforcing standard operating procedures applicable to various studies and research programs; overseeing data integrity audits; preparing progress reports to senior leadership, legal, and marketing teams; manage internal budgetary allocations; liaised with internal and external support staff, including daily calls with clinical operations team members, site personnel, or executive sponsors; and

trained junior clinical research associates. Mr. Faatz had full access to Defendants' internal systems, including administrative privileges to various internal databases, VPNs, and shared drives. Mr. Faatz was an integral part of Defendant's operations and leadership structure, and attended leadership trainings and offsite meetings. Mr. Faatz was also presented to outside parties as an employee of Defendants, who provided him with a MicroVention and Terumo email addresses and utilized his full-time employment to render his services. They also required him to complete internal systems and compliance trainings offered to their regular employees.

9. However, at all times relevant to this Complaint, Mr. Faatz was wrongly classified by Defendants as an independent contractor. Defendants willfully misclassified Mr. Faatz as an exempt "independent contractor," despite there being a clear employer-employee relationship between the Parties, in order to save a few dollars.

10. As a result of this purposeful misclassification, Mr. Faatz was not afforded the rights that he was entitled to under labor laws; he was not paid minimum wages for all hours worked; he was not compensated for any overtime hours worked; he was not authorized and permitted to take compliant meal and rest periods; he was forced to absorb necessary business expenses rightly owed by Defendants; and Defendants failed to pay mandatory payroll taxes, among other things.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*California Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198*

*Unpaid Minimum Wages*

11. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

12. "[U]nder California law, once a plaintiff comes forward with evidence that he provided services for an employer, the [plaintiff] has established a prima facie case that the relationship was one of employer/employee." *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir., 2010). The burden then shifts to the employer to "prove, if it can, that the presumed

3
COMPLAINT

employee was an independent contractor." *Id; Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1100 (9th Cir.), *cert. denied*, 135 S. Ct. 877 (2014).

13. Under California's ABC test, an individual who provides services for employer is an employee unless the employer can prove that *each* of the following three factors are met: "(A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; and (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed."

14. Defendants cannot satisfy all three ABC factors as it pertains to Mr. Faatz employment as Mr. Faatz was subject to the control and direction of Defendants in the performance of his work and provided work that was inside the usual course of Defendants' business.

15. California Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198 provide that payment of a wage less than the minimum wage as set by statute, commission, or by the general prevailing rate is unlawful. Compensable work time is defined in Wage Order No. 4-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Code. Regs. tit. 8, § 11050(2)(K) (defining "Hours Worked").

16. By virtue of his misclassification, Plaintiff was not paid for all hours worked since his salary compensated him only for a 40-hour workweek despite working significant compensable hours beyond those times. *See* Lab. Code § 515 ("Payment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary.").

17. Defendants' failure to pay Plaintiff wages for all these hours worked violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff is entitled to recover the amount of underpaid wages,

plus liquidated damages in an amount equal to the minimum wages unlawfully unpaid, as well as interest, costs, and attorneys' fees, and applicable civil penalties.

## SECOND CAUSE OF ACTION

### *California Labor Code §§ 204.3, 510, 1194 and 1198*

### *Unpaid Overtime Wages*

18. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this complaint.

19. California Labor Code § 510, 1198, and Industrial Wage Order No. 4-2001 provide that it is unlawful to employ persons without compensating them at a rate of pay equaling either one-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

20. Specifically, Industrial Wage Order No. 4-2001 provides that Defendants were required to pay Plaintiff at the rate of one-and-one-half for hours worked in excess of 8 hours in a day or more than 40 hours in a workweek, and the rate of double time for hours worked in excess of 12 hours per day or in excess of 8 hours on the seventh consecutive day in a workweek.

21. By virtue of Plaintiff's misclassification, Plaintiff was not paid all earned overtime wages. Plaintiff regularly worked in excess of 8 hours a day, or more than 40 hours a week, but this time was not compensated by way of his salary, much less at the applicable overtime rate.

22. Pursuant to Labor Code section 1194, Plaintiff is entitled to recover this unpaid overtime compensation, as well as interest, costs, and attorneys' fees, and applicable civil penalties.

## THIRD CAUSE OF ACTION

### *California Labor Code §§ 226.7, 512, and 1198*

### *Meal Period Violations*

23. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this complaint.

5
COMPLAINT

24. At all relevant times, Wage Order No. 4-2001 and California Labor Code sections 226.7, 512, and 1198 were applicable to Plaintiff's employment with Defendants.

25. Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five hours in a day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-104 (2012). An employee is also entitled to a second meal period during shifts in which the employee works more than ten hours in a day pursuant to Labor Code section 512(a).

26. Labor Code section 226.7, 512(a), and 1198 further provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC, including Industrial Wage Order No. 4-2001. "An off-duty meal period, therefore, is one in which the employee is relieved of all duty during the 30-minute meal period . . . an employer's obligation is to provide an off-duty meal period: an uninterrupted 30–minute period during which the employee is relieved of all duty." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1035 (2012). The employee must also be "free to leave the premises."

27. As Plaintiff was misclassified as an independent contractor, he was not covered by Defendants' meal period policies and was not authorized or permitted to take lawful meal periods. Further, Defendants required Plaintiff to work shifts in excess of five hours without providing a meal period of not less than thirty minutes by the end of the fifth hour of work.

28. Defendants did not pay Plaintiff meal period premium wages when his mandated meal periods were missed, interrupted by work, or taken late, in violation of Wage Order No. 4-2001 and Labor Code sections 226.7 and 512(a).

29. Pursuant to Wage Order No. 4-2001 and Labor Code sections 226.7 and

512(a), Plaintiff is entitled to one additional hour of pay at his regular rate of compensation for each workday that at least one required meal period was not provided, as well as interest thereon, along with applicable civil penalties.

## FOURTH CAUSE OF ACTION

### *California Labor Code §§ 226.7 and 1198*

### *Rest Period Violations*

30. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

31. At all relevant times, Wage Order No. 4-2001 and California Labor Code sections 226.7 and 1198 were applicable to Plaintiff's employment with Defendants.

32. Wage Order No. 4 provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3.5) hours.

33. Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. To comply with its obligation to provide rest periods under Labor Code section 226.7 and Wage Order No. 16, an employer must relinquish any control over how employees spend their break time and relieve their employees of all duties—including the obligation that an employee remain on call. "A rest period, in short, must be a period of rest." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 273 (2016), *as modified on denial of reh'g* (Mar. 15, 2017).

34. As a result of his misclassification, Defendants failed to authorize and permit Plaintiff to take his rest periods and regularly required Plaintiff to work shifts in excess of four hours without providing paid rest periods as required by California Labor Code § 226.7.

35. Further, Defendants did not pay Plaintiff for all rest period premium wages when his mandated rest periods were missed, interrupted by work, or taken late, in violation

of Wage Order No. 4-2001 and Labor Code sections 226.7 and 1198.

36. Pursuant to Labor Code section 226.7(b), Plaintiff is entitled to one additional hour of pay at their regular rates of pay for each workday that at least one required rest period was not provided on private-sector jobs and at applicable prevailing wage rates on public-sector jobs, as well as interest thereon, along with applicable civil penalties.

**FIFTH CAUSE OF ACTION**

*California Labor Code §§ 226(a), 1174(d), and 1198*

*Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records*

37. Plaintiff repeats, repleads and incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

38. Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

39. Defendants have systematically provided Plaintiff with incomplete and inaccurate wage statements as they failed to provide him with any wage statements by virtue of his misclassification. Defendants violated, at least, sections 226(a)(1), 226(a)(2), 226(a)(5), and 226.3.

40. Plaintiff is entitled to recover from Defendants the actual damages caused by Defendants' failure to comply with Labor Code section 226(a) or an aggregate per-member penalty not to exceed $4,000.

**SIXTH CAUSE OF ACTION**

*California Labor Code §§ 201-204, 210*

*Wages Not Timely Paid*

41. Plaintiff repeats, repleads and incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

42. Labor Code sections 201 and 202 provide that if an employer discharges an

8
COMPLAINT

1 employee, the wages earned and unpaid at the time of discharge are due and payable
2 immediately, and that if an employee voluntarily leaves his or her employment, his or her
3 wages shall become due and payable no later than seventy-two hours thereafter, unless the
4 employee has given seventy-two hours previous notice of his or her intention to quit, in
5 which case the employee is entitled to his or her wages at the time of quitting.

6  43.   Labor Code § 204 provides that all wages, other than those mentioned in
7 Section 201 and 202, are due and payable twice during each calendar month, on days
8 designated in advance by the employer as regular paydays.

9  44.   During the relevant period, Defendants willfully failed to pay Plaintiff the
10 unpaid wages set forth above, including but not limited to, minimum and overtime wages,
11 either at the time of discharge, or within seventy-two hours of leaving Defendants' employ,
12 or upon Defendants' regularly schedule paydays.

13  45.   Defendants' failure to timely pay Plaintiff his wages earned, violates Labor
14 Code sections 201-202, and 204. Plaintiff is therefore entitled to recover from Defendants
15 the statutory penalty wages for each day they were not paid, at their regular rate of pay, up
16 to a 30-day maximum penalty under Labor Code section 203.

17  46.   Plaintiff is also entitled to civil penalties in the amount of $100 per employee
18 per initial violation and $200 per employee for every subsequent violation of Labor Code
19 section 201, 202, and 204, plus 25% of the amount unlawfully withheld. Labor Code § 210.

## SEVENTH CAUSE OF ACTION

*California Labor Code §§ 201-204, 210*

*Wages Not Timely Paid*

23  47.   Plaintiff repeats, repleads, and incorporates by reference, as though fully set
24 forth in this paragraph, all the allegations of this Complaint.

25  48.   Labor Code section 2802 provides that "[a]n employer shall indemnify his or
26 his employee for all necessary expenditures or losses incurred by the employee in direct
27 consequence of the discharge of his or his duties, or of his or his obedience to the directions
28 of the employer." Lab. Code § 2802. The purpose of Labor Code section 2802 is to prevent

employers from passing off their cost of doing business and operating expenses on to their employees. Cochran v. Schwan's Home Service, Inc., 228 Cal. App. 4th 1137, 1144 (2014).

49. In light of his misclassification, Defendants required Plaintiff to absorb the cost of ordinary business expenses necessary to market their products. These expenses should have been borne by Defendants and not Plaintiff, including but not limited to legal fees arising incurred as a consequence of Plaintiff carrying out his employment duties. Defendant failed to reimburse Plaintiff for all of these expenses.

50. By unlawfully failing to pay Plaintiff, Defendants are liable for a reasonable portion of the incurred expenses, to be determined upon trial, plus reasonable attorneys' fees and costs. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

*California Business & Professions Code §§ 17200, et seq.*

*Unlawful Business Practices*

51. Plaintiff repeats, repleads, and incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52. Defendants are each a "person" as defined by California Business & Professions Code sections 17201, as they are either natural persons, corporations, firms, partnerships, joint stock companies, associations, or other organizations of persons.

53. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

54. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

55. A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law. In the instant case,

Defendants' policies and practices have violated state law as described above.

56. As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff has suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

57. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; requiring Defendants to pay all outstanding wages due to Plaintiff; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

### *Retaliation in Violation of the False Claims Act*
### *(Plaintiff Against Defendants)*

58. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

59. At all times relevant to this complaint, Defendants were covered entities under the False Claims Act, including pursuant to 31 U.S.C. §§ 3729-32.

60. Plaintiff was an employee and/or a contractor of a covered entity within the meaning of False Claims Act.

61. Defendants violated the False Claims Act by, without limitation, retaliating against Plaintiff for taking actions in furtherance of an action under the False Claims Act.

62. As a proximate result Defendants' conduct, Plaintiff has suffered and will continue to suffer severe financial, mental, and emotional hardship and injury including lost compensation, lost benefits, reduced possibilities for equivalent future earnings. As further direct and proximate results of Defendants' conduct, Plaintiff continues to suffer damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount to be proven at trial.

63. Because of the conduct alleged herein, Plaintiff hired attorneys to prosecute his claims under the False Claims Act. Accordingly, Plaintiff is entitled to recover attorneys' fees and costs in addition to other damages provided by law.

64. Moreover, Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard for Plaintiff's rights, entitling him to punitive damages.

## TENTH CAUSE OF ACTION

*California Labor Code § 1102.5*

*Whistleblower Retaliation*

*(Plaintiff Against Defendants)*

65. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

66. Labor Code section 1102.5(b) makes it unlawful for an employer to retaliate against an employee because the employer believes that the employee disclosed or will disclose information "to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discovery, or correct the violation or noncompliance […] if the employee has reasonable cause to believe that the information discloses [a violation of law]."

67. Labor Code section 1102.5 also makes it unlawful for an employer to "retaliate against an employee for refusing to participate in an activity that would result in a [violation of law]." Labor Code § 1102.5(c).

68. Plaintiff raised numerous complaints about illegal conduct at Terumo.

69. Defendants retaliated against Plaintiff for his complaints, up to and including termination.

70. Plaintiff is entitled to lost wages, back pay, front pay, and reasonable attorney's fees. Moreover, Defendants are subject to a civil penalty of $10,000 pursuant to Labor Code § 1102.5.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. For actual and liquidated damages according to proof;

B. For statutory and civil penalties and special damages, according to proof;

C. For restitution according to proof;

D. For pre- and post-judgment interest on monetary damages;

E. For reasonable attorneys' fees and costs, and expert fees and costs as allowed by law; and

F. For such other relief as this Court deems just and proper.

Dated: August 6, 2025

Respectfully submitted,

**KING & SIEGEL LLP**

By: *Robert J. King*
Elliot J. Siegel
Robert J. King
Attorneys for Plaintiff